PRESENT: Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Carrico and Russell, S.JJ.

DWAYNE JAMAR BROWN

OPINION BY
v.        Record No. 090161        JUSTICE S. BERNARD GOODWYN
                                    January 15, 2010
COMMONWEALTH OF VIRGINIA


DEMETRIOUS OMAR BROWN

v.        Record No. 090201

COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In these appeals, we consider whether a juvenile who has been tried as an adult and found guilty of a crime that has a mandatory minimum sentence may be sentenced to a juvenile disposition, pursuant to Code § 16.1-272, rather than the mandatory minimum sentence. As a preliminary matter, we also consider whether the Commonwealth properly preserved its bases for appeal as required by Rule 5A:18.

Relevant Facts and Proceedings

When Demetrious Omar Brown (Demetrious) was sixteen and his cousin Dwayne Jamar Brown (Dwayne) was fifteen, they participated in the armed robbery of a group of people who had gathered in an apartment to play cards. Demetrious and Dwayne both waived their rights to a preliminary hearing in the juvenile and domestic relations district court under Code

§ 16.1-270, and were certified for trial as adults under Code § 16.1-269.1.  In the circuit court, Demetrious and Dwayne pled guilty to numerous charges, including five counts of use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.[1]

### Demetrious' Sentencing Hearing

The Circuit Court of Bedford County held Demetrious' sentencing hearing on March 25, 2008.  Demetrious' counsel argued for Demetrious to receive a juvenile disposition on the five convictions for use of a firearm in the commission of a felony.  The Commonwealth argued that Demetrious' five convictions for use of a firearm required the circuit court to impose the mandatory minimum sentence set forth for each in the use of a firearm statute, Code § 18.2-53.1.

The Commonwealth argued that under Bullock v. Commonwealth, 48 Va. App. 359, 375-77, 631 S.E.2d 334, 342-43 (2006), a trial court's broad discretion over juvenile sentences in Code § 16.1-272 did not override the mandatory minimum sentences required by Code § 18.2-53.1.  The Commonwealth stated to the circuit court that in Bullock,

> the Court did deal with the situation where there was a request for a juvenile disposition . . . and there was a conflict in the statutes as to whether [or] not

---

[1] Each defendant also pled guilty to burglary with intent to commit robbery, discharge a firearm in an occupied dwelling, and eleven counts of robbery.

2

the broad discretion in the juvenile sentencing statute could override the mandatory provisions of the Use of Firearm statute. The Court of Appeals [held] that it could not, in fact, override that.

The circuit court responded by taking a recess to review Bullock. Thereafter, the Commonwealth reiterated that it was "relying on Bullock."

The circuit court held that Bullock prevented the circuit court from imposing a juvenile disposition on a use of a firearm charge under Code § 16.1-272(A)(1), but that the court could impose a juvenile disposition pursuant to Code § 16.1-272(A)(2). As his sentence on the use of a firearm in the commission of a felony charges, the circuit court ordered Demetrious committed to the Department of Juvenile Justice until his twentieth birthday. See Code § 16.1-285.1. The circuit court imposed adult time sentences for the remaining offenses, with all sentences to run concurrently, for a total period of incarceration of twenty-five years, and suspended that adult time.

### Dwayne's Sentencing Hearing

The Circuit Court of Bedford County held Dwayne's sentencing hearing on April 4, 2008. Dwayne's counsel argued for Dwayne to receive a juvenile disposition on the five convictions for use of a firearm in the commission of a felony. The Commonwealth recommended that Dwayne receive the mandatory

minimum sentence for each of the five convictions for use of a firearm in the commission of a felony. However, the Commonwealth also stated, "Obviously the Court has discretion to treat [Dwayne] as a juvenile, treat him as an adult or to come up with a split disposition in the case, sentence him to a juvenile facility until he's eighteen and then transfer him to an adult facility." Acknowledging that the circuit court sentenced Demetrious as a juvenile, the Commonwealth noted Dwayne's more extensive prior record and stated, "I really see nothing to be gained by treating Dwayne Brown as a juvenile in this case." The prosecutor did not mention the Bullock decision or the reasoning stated therein.

The circuit court classified Dwayne's convictions for use of a firearm in the commission of a felony as "non-violent juvenile felonies," imposed a juvenile disposition for those convictions under Code § 16.1-272(A)(2) and committed Dwayne to the Department of Juvenile Justice until his eighteenth birthday. As to the remaining convictions, the judge gave Dwayne "a sentence of 25 years in the penitentiary, suspended after the service of 24 months in jail," commencing on his eighteenth birthday.

### Commonwealth's Appeal

The Court of Appeals granted the Commonwealth's appeal as to the sentences imposed upon Demetrious and Dwayne for the

4

convictions of use of a firearm in the commission of a felony. Upon a motion by the Commonwealth, the two cases were consolidated. Both defendants claimed that the Commonwealth had failed to properly preserve for appeal, as required by Rule 5A:18, its argument that the circuit court did not have the discretion to sentence the defendants to juvenile dispositions on the use of a firearm charges. In an unpublished opinion, the Court of Appeals held that the Commonwealth had complied with Rule 5A:18 in both cases, and that the circuit court erred when it imposed juvenile dispositions upon Demetrious and Dwayne instead of the mandatory minimum sentences prescribed in Code § 18.2-53.1. The Court of Appeals vacated the sentences imposed for each defendant's convictions and remanded the proceedings against each defendant for resentencing consistent with its opinion. Commonwealth v. Brown, Record Nos. 0919-08-3, 0920-08-3 (Nov. 25, 2008).

### Analysis

#### A. Rule 5A:18

On appeal to this Court, both Demetrious and Dwayne argue that the Commonwealth failed to preserve for appeal, as required by Rule 5A:18, its argument that the circuit court did not have the discretion to sentence the defendants to juvenile dispositions on their convictions for use of a firearm in the commission of a felony. They claim that the Court of Appeals

5

erred in holding that the Commonwealth satisfied the requirements of Rule 5A:18.[2]  Because these appeals involve two separate sentencing hearings, we will separately analyze the relevant issues.

### 1.  Demetrious Brown v. Commonwealth

Demetrious contends that under Rule 5A:18 the Commonwealth did not preserve the sentencing issue for appeal because the Commonwealth did not object to the court's imposition of a juvenile disposition upon Demetrious.  The Commonwealth responds that it satisfied Rule 5A:18 by making the circuit court aware of its position on mandatory sentencing.  The Commonwealth contends that it argued consistently that Code § 18.2-53.1 and Bullock required the circuit court to impose the mandatory minimum sentences specified in Code § 18.2-53.1 and limited the circuit court's ability to sentence Demetrious as a juvenile.  We agree with the Commonwealth.

As a question of law, the interpretation of Rule 5A:18 requires de novo review.  Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008) (applying de novo review to an

---

[2] The Commonwealth was the appellant in the Court of Appeals and, upon our review, must be held to the requirement that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  Rule 5A:18.  Cf. Whitehead v. Commonwealth, 278 Va. 105, 114-15, 677 S.E.2d 265, 270 (2009), in which case the Commonwealth was the appellee.

interpretation of Rule 5A:20).  Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has "an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004).  The Court of Appeals has held that a litigant may satisfy Rule 5A:18 in multiple ways. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991).  Moreover, in reference to Rule 5A:18's Supreme Court Rule counterpart, Rule 5:25, this Court recently stated that Code § 8.01-384 controls our interpretation of the rule.  Helms v. Manspile, 277 Va. 1, 7, 671 S.E.2d 127, 130 (2009).  Code § 8.01-384(A) should likewise inform an interpretation of Rule 5A:18.

Code § 8.01-384(A) provides as follows:

> Formal exceptions to rulings or orders of the court shall be unnecessary; . . . it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; . . . .  Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Under Code § 8.01-384(A) and our analysis in Helms, if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain

7

preserved for appeal. Helms, 277 Va. at 7, 671 S.E.2d at 129-30.

The Commonwealth preserved for appeal its arguments concerning the issue of Demetrious' sentences because the Commonwealth made the circuit court aware of its position. At Demetrious' sentencing hearing, the Commonwealth argued that the mandatory minimum sentence applied to Demetrious' five convictions for use of a firearm in the commission of a felony because Bullock controlled the circuit court's sentencing determination. The Commonwealth argued, expressly relying upon the Bullock decision, that the circuit court lacked discretion to impose a juvenile disposition under Code § 16.1-272 where a juvenile tried as an adult was found guilty of violating Code § 18.2-53.1. Even after the circuit court took a recess to review Bullock, the Commonwealth reiterated that its argument relied on Bullock.

The record indicates that the circuit court understood the Commonwealth's position; the circuit court attempted to harmonize Bullock, Code § 18.2-53.1's mandatory language and Code § 16.1-272's juvenile provisions. Because the circuit court was aware of and had acknowledged the Commonwealth's position, which the Commonwealth never expressly waived, and the circuit court had "an opportunity to rule intelligently on the issues presented," West, 43 Va. App. at 337, 597 S.E.2d at

8

278, the Commonwealth preserved for appeal its argument that the circuit court was required to impose the statutorily mandated sentences upon Demetrious. Accordingly, we affirm the Court of Appeals in holding that the Commonwealth complied with Rule 5A:18 in Demetrious' case.

## 2. Dwayne Brown v. Commonwealth

Dwayne likewise contends that the Commonwealth failed to preserve for appeal, in the manner required by Rule 5A:18, its argument that the circuit court lacked the discretion to sentence him as a juvenile pursuant to Code § 16.1-272, rather than in accordance with the mandatory minimum sentencing provisions of Code § 18.2-53.1. Dwayne argues not only that the Commonwealth failed to object when the circuit court imposed a juvenile disposition, but also that the Commonwealth conceded that the circuit court had the authority to sentence Dwayne as a juvenile. Moreover, Dwayne contends that the Commonwealth did not prove good cause or a miscarriage of justice necessary to allow the Court of Appeals to review the unpreserved issue concerning his sentencing.

The Commonwealth responds by asserting that the circuit court was aware of the mandatory sentencing issue, in part because Dwayne's sentencing shared common facts with Demetrious' sentencing and took place only ten days later before the same judge. The Commonwealth argues that its

9

attorney, the same attorney that prosecuted Demetrious' case, did not concede the court's authority to impose a juvenile disposition, but rather asked that the mandatory minimum sentences be imposed.

At Dwayne's sentencing hearing, the Commonwealth requested that the circuit court apply the mandatory minimum sentence, but it failed to argue that the circuit court did not have the discretion to sentence Dwayne as a juvenile. The Commonwealth neither referenced Bullock nor Code § 18.2-53.1 to argue that the circuit court was required to impose the mandatory minimum sentences. In fact, the Commonwealth acknowledged the circuit court's discretion by stating: "Obviously the Court has discretion to treat [Dwayne] as a juvenile, treat him as an adult or to come up with a split disposition in the case, sentence him to a juvenile facility until he's eighteen and then transfer him to an adult facility."

The Commonwealth cannot rely on the arguments it made during Demetrious' sentencing hearing to demonstrate it satisfied Rule 5A:18 at Dwayne's hearing. Though the same Commonwealth's attorney prosecuted both Demetrious and Dwayne, Dwayne's hearing was a separate proceeding in which he was represented by a different defense attorney. The Commonwealth, at Dwayne's hearing, did not put the circuit court on notice of the Commonwealth's argument that the circuit court did not have

10

the discretion to impose a juvenile sentence upon Dwayne. Because the Commonwealth did not, during Dwayne's proceedings before the circuit court, articulate an argument that the circuit court did not have the authority to impose a juvenile sentence upon Dwayne, the issue was not preserved for appeal.

On appeal, a litigant may raise an unpreserved issue based on the ends of justice if the error "was 'clear, substantial and material.'" West, 43 Va. App. at 338, 597 S.E.2d at 279 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)); see Rule 5A:18. This Court has stated that

> Rule 5A:18, like our Rule 5:25, allows an appellate court to consider a matter not preserved by objection in the trial court "to attain the ends of justice." Application of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.

Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005).

The Commonwealth has not demonstrated that Rule 5A:18's ends of justice provision is applicable in this case. Because the Commonwealth stated to the circuit court that it "[o]bviously . . . has discretion to treat [Dwayne] as a juvenile," we conclude that the Commonwealth has not shown that the circuit court committed a clear, substantial and material

11

error, or that the ends of justice exception is necessary to avoid a grave injustice or the denial of essential rights.

We hold that with respect to the appeal in the matter of Dwayne Brown v. Commonwealth, the Commonwealth did not comply with Rule 5A:18, and thus failed to preserve for appeal its argument that the circuit court did not have the discretion to sentence Dwayne as a juvenile on the use of a firearm charges. Therefore, we reverse the judgment of the Court of Appeals vacating Dwayne's juvenile disposition for the use of a firearm in the commission of a felony convictions, and reinstate the sentence imposed by the circuit court.

### B.   Code § 18.2-53.1 and Code § 16.1-272

Demetrious argues that the Court of Appeals erred when it vacated and remanded the circuit court's juvenile disposition for his five convictions for use of a firearm in the commission of a felony.  Demetrious argues that the circuit court correctly sentenced him as a juvenile because Code § 16.1-272(A)(2) gives the court discretion to forego the mandatory minimum sentences required by Code § 18.2-53.1.

The Commonwealth responds that the Court of Appeals correctly held that the circuit court erred in imposing a juvenile disposition under Code § 16.1-272.  The Commonwealth argues that the Court of Appeals was correct in holding that the circuit court should have considered Code § 16.1-272(A)(1)

12

instead of Code § 16.1-272(A)(2) in sentencing Demetrious and that the language in Code § 18.2-53.1 requires the circuit court to impose a mandatory minimum sentence on juveniles tried as adults and found guilty of use of a firearm in the commission of a felony.  We agree with the Commonwealth.

In determining whether the mandatory language in Code § 18.2-53.1 limited the circuit court's discretion to sentence Demetrious as a juvenile under Code § 16.1-272, we must first closely examine the relevant statutes.  The statute concerning use or display of a firearm in committing a felony, Code § 18.2-53.1, states in relevant part:

> Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a mandatory minimum term of imprisonment of three years for a first conviction, and to a mandatory minimum term of five years for a second or subsequent conviction under the provisions of this section. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

Code § 18.2-12.1 defines "mandatory minimum" as follows:

> "*Mandatory minimum*" wherever it appears in this Code means, for purposes of imposing punishment upon a person convicted of a crime, that the court shall impose the entire term of confinement, the full amount of the fine and the complete requirement of community service prescribed by law. The court shall not suspend in full or in part any punishment described as mandatory minimum punishment.

13

Code § 16.1-272(A)(1)-(2), setting forth provisions relating to the powers of a circuit court in the trial and sentencing of juveniles, provides as follows:

A. In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing. Upon a finding of guilty of any charge, the court shall fix the sentence without the intervention of a jury.

1. If a juvenile is convicted of a violent juvenile felony, for that offense and for all ancillary crimes the court may order that (i) the juvenile serve a portion of the sentence as a serious juvenile offender under § 16.1-285.1 and the remainder of such sentence in the same manner as provided for adults; (ii) the juvenile serve the entire sentence in the same manner as provided for adults; or (iii) the portion of the sentence to be served in the same manner as provided for adults be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case including, but not limited to, commitment under subdivision 14 of § 16.1-278.8 or § 16.1-285.1.

2. If the juvenile is convicted of any other felony, the court may sentence or commit the juvenile offender in accordance with the criminal laws of this Commonwealth or may in its discretion deal with the juvenile in the manner prescribed in this chapter for the hearing and disposition of cases in the juvenile court, including, but not limited to, commitment under § 16.1-285.1 or may in its discretion impose an adult sentence and suspend the sentence conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.

After Demetrious, a juvenile, waived in writing the jurisdiction of the juvenile and domestic relations district

court and his right to a preliminary hearing, the juvenile court transferred and certified Demetrious for criminal proceedings in the circuit court.  See Code § 16.1-269.1; Code § 16.1-270.  Demetrious was indicted, tried in the same manner as provided for adults, and found guilty of numerous crimes, including five counts of use of a firearm in the commission of a felony.

Code § 18.2-53.1 clearly states that any person found guilty of use of a firearm in the commission of a felony shall be sentenced to a mandatory minimum term of imprisonment.  At the same time, however, Code § 16.1-272(A)(1) - (2) gives a circuit court the discretion to sentence a juvenile tried as an adult to a juvenile disposition rather than sentencing the juvenile as an adult.  Thus, it appears that the provisions of Code § 16.1-272 and Code § 18.2-53.1 are in conflict with each other regarding whether a circuit court must impose an applicable mandatory minimum sentence upon a juvenile tried as an adult.

An ordinary rule of statutory construction serves to resolve the conflict.  " '[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails.' "  Thomas v. Commonwealth, 244 Va. 1, 22-23, 419

15

S.E.2d 606, 618 (1992) (quoting Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)).

This Court in Thomas considered whether a juvenile convicted of capital murder by a jury should be sentenced by a judge pursuant to Code § 16.1-272's juvenile provisions, or sentenced by a jury under the death penalty statutes. 244 Va. at 21, 419 S.E.2d at 617. We resolved the apparent conflict between the juvenile provision and the death penalty statutes by applying the death penalty statutes. The death penalty statutes were applicable because, while the statutes all dealt with punishing criminal offenders, the death penalty statutes addressed the specific crime charged. In contrast, the juvenile provisions in Code § 16.1-272 used general language applicable to a range of offenses and did not contain a set penalty. Id. at 22-23, 419 S.E.2d at 618.[3]

In the present case, Code § 18.2-53.1 prescribes a specific penalty for individuals found guilty of use of a firearm in the commission of a felony. It requires a mandatory minimum of three years imprisonment for the first conviction and five years for subsequent convictions. Code § 16.1-272 only contains general language on sentencing and does not set

---

[3] We nevertheless acknowledge that in Roper v. Simmons, the Supreme Court of the United States held that the Eighth and Fourteenth Amendments forbid the imposition of the death

forth specific penalties.  The rules of statutory construction,

as exemplified in Thomas, require us to resolve the apparent

conflict between Code § 18.2-53.1 and Code § 16.1-272 by

applying Code § 18.2-53.1, which is the more specific statute

on sentencing for the specific firearms offenses involved here.

We hold that the Court of Appeals was correct in

determining that the charges against Demetrious for use of a

firearm were ancillary to his violent juvenile felony charges

of robbery and that Code § 16.1-272(A)(1) was the proper

subsection of the statute for the circuit court to consider in

sentencing Demetrious.  However, the result would be the same

if the circuit court could have sentenced Demetrious pursuant

to Code § 16.1-272(A)(2).  Code § 18.2-53.1 requires any person

convicted of that crime to serve a mandatory minimum period of

incarceration, even if that person may be subject to sentencing

under Code § 16.1-272.[4]

We conclude, therefore, that the Court of Appeals

correctly held with respect to the appeal in the matter of

Demetrious Brown v. Commonwealth that the circuit court erred

_____

penalty on offenders who were under age 18 when their crimes
were committed.  543 U.S. 551, 568 (2005).
    [4] In comparison, the mandatory minimum sentence is not
applicable when a juvenile court retains jurisdiction and a
juvenile is tried as a juvenile because, in such an instance,
the juvenile is adjudicated delinquent rather than found guilty
of a specific crime.  See Code § 16.1-273(A); Code § 16.1-308;
Code § 16.1-228.

17

when it sentenced Demetrious to a juvenile disposition under Code § 16.1-272 instead of imposing the mandatory minimum sentences required by Code § 18.2-53.1. Accordingly, we affirm the Court of Appeals' judgment as it relates to Demetrious.

### Conclusion

In summary, we will reverse the judgment of the Court of Appeals in Dwayne's appeal because the Commonwealth failed to preserve the sentencing issue as required by Rule 5A:18, and we will enter final judgment affirming the judgment of the circuit court with respect to that case. With regard to Demetrious' appeal, we will affirm the judgment of the Court of Appeals.

Record No. 090161 – <u>Reversed and final judgment.</u>
Record No. 090201 – <u>Affirmed.</u>

JUSTICE KOONTZ, dissenting.

I respectfully dissent. In my view, the Court of Appeals and now the majority here in these consolidated appeals have misconstrued the pertinent statutory scheme embodied within the Juvenile and Domestic Relations District Court Law, Code § 16.1-226 et seq. ("juvenile law"), in which the issue of the "apparent conflict" between the provisions of Code § 16.1-272 and Code § 18.2-53.1 arises. Specifically, I disagree with the conclusion reached by the majority that Code § 18.2-53.1 is the more specific of these two statutes and, therefore, the mandatory minimum sentencing provisions of this statute limit

18

the circuit court's discretion to sentence a juvenile tried as an adult pursuant to the sentencing alternatives provided by Code § 16.1-272.

Initially, it should be noted that it is difficult to reconcile the patent disparity between the results occasioned by the majority's decision in the appeal of Dwayne Jamar Brown and its decision in the appeal of Demetrious Omar Brown. That disparity flows from the majority's conclusion that in the case of Dwayne Jamar Brown the Commonwealth failed to preserve the substantive issue in its appeal to the Court of Appeals as required by Rule 5A:18. The Court of Appeals had held that in both cases the Commonwealth had preserved the issue in accord with Rule 5A:18. I agree with that holding for the reasons stated by the Court of Appeals. Commonwealth v. Brown, Record No. 0919-08-3, slip op. at 5-8 (Nov. 25, 2008). Beyond question, the record establishes that the experienced and able circuit court judge who presided over both of these cases was well aware of the Commonwealth's position that the court was required to apply the mandatory sentencing provisions of Code § 18.2-53.1.

Nevertheless, in the case of Dwayne Jamar Brown, I will not belabor the point because the majority's reversal of the Court of Appeals' holding on this procedural issue in that case effectively moots the substantive issue and has the practical

effect of a holding that the trial court was not required to apply the sentencing terms of Code § 18.2-53.1 in that case. This result in the case of Dwayne Jamar Brown is consistent with my view of the substantive issue presented in both appeals now before this Court. Accordingly, I will confine my subsequent analysis to the substantive issue raised in the appeal of Demetrious Omar Brown (hereafter, "Demetrious").

It is axiomatic that with the General Assembly's enactment of the juvenile law, there is an intended distinction between a court's permitted imposition of a sentence of imprisonment upon an adult person for the violation of a criminal statute and the dispositional alternatives available to a court to impose a sentence upon a similarly situated "juvenile," defined as "a person less than 18 years of age" in Code § 16.1-228. One of the purposes of the juvenile law is "[t]o protect the community against those acts of its citizens, both juveniles and adults, which are harmful to others and to reduce the incidence of delinquent behavior and to hold offenders accountable for their behavior." Code § 16.1-227(4). To that end, the juvenile law "shall be construed liberally and as remedial in character." Code § 16.1-227.

In this context, the juvenile law draws a bright-line distinction between a juvenile who is fourteen years of age or older at the time of an alleged offense and is charged with an

offense which would be a felony if committed by an adult and a juvenile who is less than fourteen years of age.  In only the former circumstance, the statutory scheme permits the juvenile court to transfer the juvenile to the appropriate circuit court having criminal jurisdiction of such offenses if committed by an adult.  Code § 16.1-269.1(A).  Additionally, a juvenile fourteen years of age or older charged with an offense which if committed by an adult could be punished by confinement in a state correctional facility, may waive the jurisdiction of the juvenile court and have his case transferred to the appropriate circuit court.  Code § 16.1-270.

As pertinent to this appeal, the juvenile law defines a "[v]iolent juvenile felony" as "any of the delinquent acts enumerated in subsection B or C of § 16.1-269.1 when committed by a juvenile 14 years of age or older."  Code § 16.1-228. Robbery in violation of Code § 18.2-58 is a violent juvenile felony under Code § 16.1-269.1(C).  A violation of Code § 18.2-53.1, which penalizes as a separate felony the use or display of a firearm in committing a felony, is not an enumerated violent juvenile felony under either Code § 16.1-269.1(B) or (C).

In addition to the age of the juvenile, the statutory scheme within the juvenile law draws a distinction between the type of felony offense charged against the juvenile.  In a case

21

involving a juvenile fourteen years of age or older at the time of the alleged offense who is charged with an offense which would be a felony if committed by an adult, the case may be transferred by the juvenile court to the appropriate circuit court following a transfer hearing conducted on motion of the attorney for the Commonwealth pursuant to Code § 16.1-269.1(A). In contrast, in a case involving a juvenile fourteen years of age or older at the time of the alleged offense who is charged with a violent juvenile felony, the juvenile court, upon proper notice by the attorney for the Commonwealth, is required to conduct a preliminary hearing, and, upon a finding of probable cause, to certify the charge, and all ancillary charges, to the grand jury for indictment. Code § 16.1-269.1(C) and (D). In either circumstance, upon indictment, subsequent trial, and conviction of the juvenile, the statutory scheme provides for the dispositional alternatives available to the circuit court.

These dispositional alternatives are contained within the comprehensive provisions of Code § 16.1-272. This statute provides that:

> A. In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing. Upon a finding of guilty of any charge, the court shall fix the sentence without the intervention of a jury.

1. If a juvenile is convicted of a violent juvenile felony, for that offense and for all ancillary crimes the court may order that (i) the juvenile serve a portion of the sentence as a serious juvenile offender under § 16.1-285.1 and the remainder of such sentence in the same manner as provided for adults; (ii) the juvenile serve the entire sentence in the same manner as provided for adults; or (iii) <u>the portion of the sentence to be served in the same manner as provided for adults be suspended</u> conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case including, but not limited to, commitment under subdivision 14 of § 16.1-278.8 or § 16.1-285.1.

2. If the juvenile is convicted of any other felony, the court may sentence or commit the juvenile offender in accordance with the criminal laws of this Commonwealth or may in its discretion deal with the juvenile in the manner prescribed in this chapter for the hearing and disposition of cases in the juvenile court, including, but not limited to, commitment under § 16.1-285.1 or <u>may in its discretion impose an adult sentence and suspend the sentence</u> conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.

(Emphasis added.)

Code § 16.1-278.8(14) permits the court to commit a juvenile eleven years of age or older to the Department of Juvenile Justice for certain felony offenses and Class 1 misdemeanors. Code § 16.1-285.1(A), relating to the commitment of a juvenile fourteen years of age or older who has been found guilty of certain felony offenses or has been transferred from a juvenile district court pursuant to Code § 16.1-269.1,

23

permits the circuit court to commit the juvenile to the Department of Juvenile Justice if upon consideration of various statutorily enumerated criteria "in the opinion of the court the needs of the juvenile and the interests of the community would clearly best be served by [such] commitment." Code § 16.1-285.1(C) provides that:

> In ordering commitment pursuant to this section, the court shall specify a period of commitment not to exceed seven years or the juvenile's twenty-first birthday, whichever shall occur first. The court may also order a period of determinate or indeterminate parole supervision to follow the commitment but the total period of commitment and parole supervision shall not exceed seven years or the juvenile's twenty-first birthday, whichever occurs first.

As pertinent to the present appeal, one of the criteria the court must consider in applying this code section is "whether the offense involved the use of a firearm or other dangerous weapon by brandishing, displaying, threatening with or otherwise employing such weapon." Code § 16.1-285.1(B)(2)(iii).

As recounted by the majority, Demetrious was sixteen years of age when he committed eleven counts of armed robbery in violation of Code § 18.2-58 and five counts of use of a firearm in the commission of a felony in violation of Code § 18.2-53.1. In accord with the statutory scheme outlined above, Demetrious waived a preliminary hearing on the charges, was certified to be tried in the circuit court pursuant to Code § 16.1-269.1,

24

pled guilty to the charges, and was ultimately tried and convicted. In its final sentencing order, in pertinent part, the circuit court stated:

> On the convictions for Use of a Firearm in Commission of a Felony and Use of a Firearm in Commission of a Felony, Second or Subsequent Offense, the Court finds [that] these offenses are not statutorily defined by [Code] § 16.1-228 as violent juvenile felonies. The Court imposes a juvenile disposition on these convictions, in accordance with [Code] § 16.1-272(A)(2), and hereby commits [Demetrious] to the Department of Juvenile Justice until his 20th birthday, in accordance with [Code] § 16.1-285.1.

With regard to the robbery offenses, the circuit court sentenced Demetrious to a term of 25 years in the penitentiary on each offense to run concurrently, suspended those sentences conditioned on good behavior for 10 years, and placed Demetrious on active adult probation for 5 years commencing upon his release from incarceration with the Department of Juvenile Justice.

Code § 16.1-272(A)(2), unlike subsection (A)(1), applies to "any other felony," rather than a "violent juvenile felony" and all "ancillary crimes," which are defined in Code § 16.1-228 as "any delinquent act committed by a juvenile as a part of the same act or transaction . . . which would be a felony if committed by an adult." In this case, the use of a firearm offenses are clearly "ancillary crimes" to the violent juvenile felony of robbery. Thus, the circuit court should have

25

sentenced Demetrious pursuant to Code § 16.1-272(A)(1) instead of Code § 16.1-272(A)(2). Regardless, the Commonwealth never objected to Demetrious being sentenced pursuant to Code § 16.1-272(A)(2), and thus, failed to preserve any objection to the circuit court's use of subsection (A)(2).

Nonetheless, the circuit court's sentence in Demetrious' case is entirely consistent with the provisions of Code § 16.1-272(A)(1)(iii) which expressly provides that the court may order "the portion of the sentence to be served in the same manner as provided for adults to be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court . . . including . . . commitment . . . under [Code] § 16.1-285.1." Additionally, the circuit court's sentence is consistent with the provisions of Code § 16.1-272(A)(2) which also expressly provides that the court may order "commitment under [Code] § 16.1-285.1 or may in its discretion impose an adult sentence and suspend the sentence conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case." One such dispositional alternative available to a juvenile court is a commitment of a juvenile to the Department of Juvenile Justice pursuant to Code § 16.1-278.8(A)(14).

It is then readily apparent that whether the circuit court had imposed its sentence upon Demetrious under Code § 16.1-272(A)(1) or (A)(2), both subsections permitted the court to commit Demetrious to the Department of Juvenile Justice under Code § 16.1-285.1 and to suspend the adult sentence imposed on him conditioned on his successful completion of that Department's program. Nevertheless, the Court of Appeals and the majority conclude that the circuit court was not permitted to impose a juvenile disposition upon Demetrious under Code § 16.1-272 because Code § 18.2-53.1 prescribes a specific penalty for individuals found guilty of use of a firearm in the commission of a felony and, therefore, is a more specific statute than Code § 16.1-272 and requires the individual to serve a mandatory period of incarceration.

As a general proposition, it is difficult for me to conclude from the language of Code § 18.2-53.1 relating to "any person" that the General Assembly intended to potentially impose a mandatory minimum term of imprisonment of three years upon a juvenile fourteen years of age at the time the offense was committed and that "[s]uch punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony." Such an interpretation of this statute would seem to be contrary to the ameliorative purpose of the juvenile justice

system and the statutory scheme that implements it. In my view, the "conflict" which the majority finds between Code § 16.1-272 and Code § 18.2-53.1 is illusory.

Code § 16.1-272 specifically and comprehensively addresses the sentences that are authorized to be imposed by a circuit court upon juveniles fourteen years of age or older. In contrast, Code § 18.2-53.1 has no such age limitation for a person who violates its provisions. Moreover, Code § 16.1-272(A) expressly provides that "[i]n any case in which a juvenile is indicted, the offense . . . and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing." (Emphasis added.) Thus, if indeed there is a conflict between Code § 16.1-272 and Code § 18.2-53.1, these statutes are readily harmonized to resolve that conflict.

Clearly Code § 18.2-53.1 reflects a legislative intent that the offense it prescribes be punished. The provisions of Code § 16.1-272 permit a juvenile to be so punished, just as occurred in Demetrious' case. However, because Code § 16.1-272 specifically addresses juvenile offenders and permits the suspension of sentences in "any [such] case," this statute

28

permits the circuit court in its discretion to suspend a sentence imposed under Code § 18.2-53.1.[*]

For these reasons, I would reverse the judgment of the Court of Appeals in Demetrious' case and Dwayne's case and enter final judgment affirming the decision of the circuit court in both cases.

JUSTICE MILLETTE, with whom SENIOR JUSTICE CARRICO joins, concurring in part and dissenting in part.

I concur with the majority's view that with respect to the appeal in the matter of Dwayne Jamar Brown v. Commonwealth, the Commonwealth did not comply with Rule 5A:18, and thus failed to preserve for appeal its argument that the circuit court did not have the discretion to sentence Dwayne as a juvenile on the use of a firearm in the commission of a felony charges.

I respectfully dissent, however, in the matter of Demetrious Omar Brown v. Commonwealth. I disagree with the majority on two issues. First, I believe that the Commonwealth failed to preserve for appeal its argument that the use of a firearm in the commission of a felony charges are ancillary charges to the robberies and thus require sentencing pursuant to Code § 16.1-272(A)(1).

_____

[*] In light of the decision by the Supreme Court of the United States in Roper v. Simmons, 543 U.S. 551, 568 (2005),

29

At Demetrious' sentencing, the Commonwealth argued that under Code § 18.2-53.1 the five use of a firearm charges required a mandatory minimum sentence of 23 years (three years for the first conviction and five years for the second and each subsequent conviction).  The Commonwealth relied upon Bullock v. Commonwealth, 48 Va. App. 359, 631 S.E.2d 334 (2006), to support its argument that the "broad discretion in the juvenile sentencing statute could [not] override the mandatory provisions of [Code § 18.2-53.1]."

Bullock was a juvenile who was certified and convicted as an adult for two robberies and two charges of use of a firearm in the commission of a felony.  Id. at 362, 631 S.E.2d at 336.  Pursuant to Code § 16.1-272(A)(1), the circuit court suspended imposition of the sentence on the robbery convictions and sentenced Bullock to consecutive terms of three and five years incarceration for the firearms convictions.  Id. at 364, 631 S.E.2d at 336.  The Court of Appeals held that the mandatory minimum sentencing provisions of Code § 18.2-53.1 precluded the circuit court from suspending any portion of the mandatory sentence pursuant to Code § 16.1-272(A)(1)(iii).  Id. at 377, 631 S.E.2d at 343.  In its analysis, the Court of Appeals discussed the conflict between the language of Code § 18.2-

the majority's reliance upon Thomas v. Commonwealth, 244 Va. 1, 419 S.E.2d 606 (1992), is not persuasive.

53.1, requiring a mandatory minimum sentence that cannot be suspended, and the language of Code § 16.1-272(A)(1)(iii), permitting "the portion of the sentence to be served in the same manner as provided for adults be suspended upon successful completion of such terms and conditions as may be imposed in a juvenile court . . . ." According to the Court of Appeals, there is a conflict when one statute prohibits suspension of a sentence and a second statute authorizes it, so that under Code § 16.1-272(A)(1), a juvenile sentenced as an adult is not eligible to have his mandatory minimum sentence suspended. Bullock, 48 Va. App. at 377, 631 S.E.2d at 343.

When the Commonwealth concluded its argument in Demetrious' case, the circuit court judge recessed the sentencing proceeding in order to review the statutes and the Bullock opinion. Upon consideration of the Commonwealth's argument, the judge acknowledged that he agreed with the Commonwealth that if Demetrious were sentenced pursuant to Code § 16.1-272(A)(1), any suspension of the sentence imposed for the use of firearm conviction was precluded by the mandatory sentencing requirements of Code § 18.2-53.1. However, the judge concluded that if Demetrious were sentenced pursuant to Code § 16.1-272(A)(2), a juvenile sentence could be imposed, and suspended, without conflicting with the mandatory minimum requirements of Code § 18.2-53.1. In concluding that

31

Demetrious' sentence for use of a firearm could be imposed pursuant to Code § 16.1-272(A)(2), the judge wrongly relied on the fact that use of a firearm is not defined as a violent felony requiring sentencing pursuant to Code § 16.1-272(A)(1). The judge failed to consider that the use of a firearm charges were ancillary offenses to the robberies and that sentencing for violent offenses, as well as ancillary offenses, was required to be pursuant to Code § 16.1-272(A)(1) (dealing with a conviction for "a violent felony . . . and for all ancillary crimes") and not pursuant to Code § 16.1-272(A)(2).

When the circuit court rejected the Commonwealth's argument and imposed a juvenile disposition pursuant to Code § 16.1-272(A)(2) on the use of a firearm charges, the Commonwealth did not make any objection to the circuit court's imposition of a juvenile disposition pursuant to Code § 16.1-272(A)(2). Despite ample opportunity to do so, the Commonwealth never argued that sentencing for the ancillary charges of use of a firearm was required pursuant to Code § 16.1-272(A)(1). The judge was never put on notice that the Commonwealth disagreed with the judge's analysis that Demetrious could be sentenced for the nonviolent, yet ancillary, use of a firearm charges pursuant to Code § 16.1-272(A)(2), instead of Code § 16.1-272(A)(1). In light of that failure by the Commonwealth, I disagree with the majority that

32

the Commonwealth properly preserved the sentencing issue for appeal.

Second, I disagree with the majority's conclusion that the resulting preclusion of juvenile disposition for the use of a firearm charges would have been the same if the circuit court was authorized to sentence Demetrious pursuant to Code § 16.1-272(A)(2).

Code § 16.1-272(A)(2) first authorizes the circuit court to "sentence or commit the juvenile offender in accordance with the criminal laws of the Commonwealth." But Code § 16.1-272(A)(2) also gives the circuit court the alternative option to "in its discretion deal with the juvenile in the manner prescribed . . . for the hearing and disposition of cases in the juvenile court." This language is not in conflict with the mandatory sentencing language of Code § 18.2-53.1 because unlike subsection (A)(1)(iii) it does not, on the one hand, require a mandatory adult sentence, and then, on the other hand, allow its suspension. Subsection (A)(2) provides as an option a specific provision dealing with exclusively juvenile sentencing for non-violent felonies. This sentencing alternative addresses the dispositional goals of juvenile sentencing without ever requiring an adult sentence.

We have long recognized that

> [t]he trial and punishment of minor offenders
> follows the regular criminal procedure, modified,
> in certain respects, by the statutes setting up
> juvenile and domestic relations courts.  These
> statutes have established a system whereby most
> juvenile offenders are first subjected to the
> jurisdiction of the juvenile courts for
> proceedings therein designed to subject such
> offenders to the supervision and control of the
> State in a manner in which the delinquent ways of
> the child will be corrected and he be made to lead
> a correct life.

Mickens v. Commonwealth, 178 Va. 273, 279, 16 S.E.2d 641, 643 (1941).  But different criminal procedures are applied to "children who have committed grave offenses."  Id. at 279, 16 S.E.2d at 643-44.

In certain situations, Code § 16.1-272(A)(2) authorizes the circuit court to accomplish the rehabilitative purposes of juvenile disposition for juveniles tried as adults and found guilty of a felony, and gives the court the discretion to fashion a juvenile disposition, thereby avoiding the mandatory minimum sentences prescribed by Code § 18.2-53.1.  By contrast, none of the three sentencing options in Code § 16.1-272(A)(1), involving sentencing of a violent juvenile felony, gives the circuit court the discretion to impose such a juvenile disposition because all three require an adult sentence.  Pursuant to subsection (A)(1), the court may order that (i) the juvenile be committed for a portion of his or her sentence under § 16.1-285.1 and serve the remainder of his or her

34

sentence as an adult; (ii) the juvenile serve the entire sentence as an adult; or (iii) the portion of the sentence to be served as an adult be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.

Because the court under circumstances not presented in this case, involving sentencing of a juvenile convicted of any felony other than a violent felony or an ancillary offense, would have the option to fashion a juvenile disposition instead of imposing an adult sentence with a mandatory minimum period of incarceration, I cannot join the majority's conclusion that the result would have been the same if the circuit court could have sentenced Demetrious pursuant to Code § 16.1-272(A)(2).

For these reasons, I would reverse the judgment of the Court of Appeals in both Dwayne's and Demetrious' appeals because the Commonwealth failed to preserve its arguments with regards to sentencing, and would enter final judgment affirming the judgment of the circuit court in both cases.