# CIRCUIT COURT OF THE CITY OF ROANOKE

Brandi Hollinghead

v.

Damon Malik Thomson,
a/k/a Damon Malik Thompson,
and Jane Doe

May 28, 2010

Case No. CL09-2142

BY JUDGE CLIFFORD R. WECKSTEIN

After obtaining service of process on the Secretary of the Commonwealth, counsel has tendered a default judgment order in this case. I have not yet entered the tendered order.

The Complaint alleges that the plaintiff was injured in an automobile crash in the City of Roanoke. She was, the Complaint says, a passenger in the car driven by defendant Thomson. The attorney for the plaintiff signed an affidavit that the plaintiff, after exercising due diligence, had been unable to locate Mr. Thomson.

I have two questions about service of process on defendant Thomson:

Is there satisfactory evidence of the exercise of due diligence to ascertain this defendant's whereabouts?

If so, should the plaintiff have served the Commissioner of the Department of Motor Vehicles (DMV), instead of the Secretary of the Commonwealth?

*Diligence*

In *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990), our Supreme Court explained that "diligence" in this context means "devoted and painstaking application to accomplish an undertaking." *Dennis* was factually analogous to this case, though service was made on the Commissioner, rather than the Secretary of the Commonwealth. One might conclude from the *Dennis* opinion that the plaintiff cannot satisfy the due diligence rule without placing process in the hands of the sheriff, leaving it in the hands of the sheriff for the required period, and then the sheriff's

filing a "not found" return. After that return is filed, the Court held, the person seeking service must make a *"bona fide* attempt to determine the actual place of abode or location of the person to be served." *Id.*

The last known address provided in the affidavit was an apartment complex in Salem. According to information gathered by one of our law clerks, there are numerous apartments in that complex. No apartment number or street address was furnished. One might conclude that diligent inquiry would have uncovered that information.

Would counsel please provide, for the court record, evidence documenting the steps taken to attempt to ascertain the whereabouts of the defendant?

## Service on the Secretary of the Commonwealth

The Commissioner of the DMV is, by statute, the agent for the service of process on a nonresident owner or operator of a vehicle involved in an accident in Virginia. Va. Code § 8.01-308. For this purpose, residents who have been continuously out of state for sixty days prior to service on the Commissioner are deemed to be nonresidents, as are persons who could be served by order of publication. Va. Code § 8.01-307(2).

And, of course, one of the bases upon which long-arm jurisdiction and service on the Secretary can be exercised is "Causing tortious injury by an act or omission in this Commonwealth". Va. Code § 8.01.328.1(A)(4).

It is a common rule of statutory construction that "[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." *Brown v. Commonwealth*, 279 Va. 210, 222, 688 S.E.2d 185 (2010) (internal quotation marks and citations omitted.) Another rule of construction is embodied in the statement *expressio unius est exclusio alterius*. "When a legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way." *Gregg v. Commonwealth*, 224 Va. 356, 364 , 297 Va. 799 (1982).

Assuming that due diligence has been exercised, how comfortable is plaintiff's counsel with service on the Secretary? Are counsel able to find any authority that addresses this question?

## Defendant Doe

The order tendered would find Jane Doe in default. However, process has not been issued against Doe; no insurance company to be served as UM carrier has been named. I do not believe that a default judgment can be entered at this time against this defendant.