UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia


DEZMON C. REAUX, S/K/A
  DEZMON CARY LEE REAUX
                                            MEMORANDUM OPINION[*] BY
v.      Record No. 1350-14-2                CHIEF JUDGE GLEN A. HUFF
                                                  JULY 7, 2015
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Theodore J. Markow, Judge Designate

            J. Martelino, Jr., for appellant.

            Victoria Johnson, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Dezmon C. Reaux ("appellant") appeals his convictions of possession of a Schedule I or

II controlled substance, in violation of Code § 18.2-250, and possession of a firearm on or about

his person while in possession of a Schedule I or II controlled substance, in violation of Code

§ 18.2-308.4(B).  On appeal, appellant argues that the Chesterfield County Circuit Court ("trial

court") "abused its discretion and committed structural error when it sentenced . . . [appellant] to

a two-year mandatory minimum sentence, given that the trial court, in addition to [appellant's]

trial counsel, failed to inform [appellant] adequately of the consequences of his plea . . . ."  For

the following reasons, this Court holds that the appeal is procedurally barred by Rule 5A:18.

                                    I.  BACKGROUND

        On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On March 24, 2013, Officer Tamlyn ("Tamlyn") of the Chesterfield County Police Department initiated a traffic stop of a vehicle driven by appellant.  As Tamlyn approached the vehicle, he observed a .45 caliber Beretta firearm on the dashboard; appellant had a valid concealed carry permit.  A canine officer responded to the scene, and his dog alerted on appellant after sniffing the vehicle.  Consequently, the officers searched the car and found a bag containing a green leafy material "consistent with marijuana" and a pill bottle containing three Schedule II amphetamines.

On July 15, 2013, a grand jury returned a true bill for two felony charges against appellant: possession of a Schedule I or II controlled substance, in violation of Code § 18.2-250 ("possession charge"), and possession of a firearm while simultaneously possessing a Schedule I or II controlled substance, in violation of Code § 18.2-308.4 ("firearm charge").  On January 28, 2014, appellant entered into a plea agreement[1] whereby appellant would plead guilty to the possession charge, which would be taken under advisement to be dismissed pursuant to Code § 18.2-251.[2] Additionally, in the plea agreement, appellant stipulated that there was "sufficient evidence on the [firearm charge]."  In return, the Commonwealth agreed to continue the firearm charge "without adjudication to the sentencing date" to be "dismissed" if appellant "successfully completes" the

---

[1] Appellant's counsel on appeal did not represent appellant at trial.

[2] Code § 18.2-251 provides that
> [w]henever a person who has not previously been convicted of any offense under this article . . . pleads guilty to or enters a plea of not guilty to possession of a controlled substance under § 18.2-250 . . . , the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

drug monitoring program. If appellant failed to complete the program, however, the plea agreement provided that he would be found guilty of both charges.

In connection with his guilty plea on the possession charge, appellant completed a "Waiver of Rights" form, whereby appellant acknowledged that he had discussed, with his attorney, the nature of the charge pending against him, the proof required of the Commonwealth to secure a conviction, possible defenses, and that he understood the rights waived upon entry of a guilty plea. Additionally, appellant acknowledged that the possession charge carried a maximum punishment of ten years' imprisonment and a $2,500 fine.

At the guilty plea hearing, the trial court arraigned appellant on the possession charge, and, consistent with the terms of the plea agreement, appellant entered a guilty plea. After finding that the plea was entered freely and intelligently, the trial court explained to appellant that his charges would be dismissed if he successfully completed the deferred judgment program, but that he would "be convicted of two felonies" if he was unsuccessful. The trial court then found the evidence sufficient to support both the possession and firearm charges and accepted the plea agreement. Consistent with the plea agreement, appellant was not arraigned on the firearm charge and did not enter a plea to that charge.

On July 7, 2014, the trial court found that appellant violated the terms of the plea agreement because he had failed to provide prescriptions to his probation officer and tested positive for oxycodone. At the hearing on this violation, appellant testified that he did not understand that he faced a mandatory minimum two-year sentence for his firearm charge if he failed to abide by the terms of the agreement. Additionally, appellant's counsel asked the trial court "to consider that [appellant] has some kind of punishment right now in that he has been incarcerated two months . . . without bond." Appellant's counsel further asked that appellant be "allow[ed] . . . to do his Community Corrections" – that is, complete the terms of the plea agreement – "because he . . .

- 3 -

didn't understand all the terms." Notably, appellant did not seek to withdraw his guilty plea, but only asked to be given another opportunity to complete the terms of the agreement. The trial court found appellant had violated the terms of the agreement and, consequently, found him guilty of both the possession and firearm charges.

The hearing then proceeded to sentencing, wherein appellant's counsel asked that the trial court consider appellant's testimony that "if he had known . . . the consequences of a potential violation that there would be this two year mandatory" he would have complied with the terms of the agreement. Appellant then asked the trial court "to consider if there's any other way to resolve this" other than the two-year mandatory minimum. The trial court then sentenced appellant to three years' incarceration on the possession charge, all suspended, and five years on the firearm charge with three years suspended to reflect the two-year mandatory minimum. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court abused its discretion when sentencing appellant. Specifically, appellant asserts that his sentence was an abuse of discretion because he was not informed that there was a two-year mandatory sentence if he failed to comply with the terms of the plea agreement. Appellant continues by arguing that the failure to inform appellant of all of the consequences of his plea was a violation of his Sixth Amendment rights and, therefore, structural error.

As an initial matter, however, the Commonwealth asserts that Rule 5A:18 should bar this appeal. Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding

- 4 -

unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

"Under settled principles, the 'same argument must have been raised, with specificity, at trial before it can be considered on appeal.'" Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004)). "'Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)).

In the present case, appellant's argument was not properly preserved for our consideration on appeal because appellant did not allege a violation of Sixth Amendment rights before the trial court. Instead, appellant only argued that his ignorance of the two-year mandatory minimum sentence should justify giving him a second chance at fulfilling the terms of the plea agreement. Additionally, at sentencing, he vaguely asked the trial court "to consider if there's any other way to resolve this." Notably, he did not seek to withdraw his guilty plea, nor did he argue that the plea was in any way invalid. In fact, he did not mention the Sixth Amendment. Had he done so, the trial court could have had an opportunity to rule on the arguments now presented to this Court, and the Commonwealth would have had an opportunity to respond. See Brown, 279 Va. at 219, 688 S.E.2d at 190 ("Because the Commonwealth did not . . . articulate an argument that the circuit court did not have the authority to impose a juvenile sentence upon [the appellant], the issue was not preserved for appeal."); see also Johnson, 58 Va. App. at 637, 712

S.E.2d at 757 (making one specific argument on an issue does not preserve a separate legal point on the same issue for review).

Furthermore, appellant does not argue that this Court should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not consider the Rule 5A:18 exceptions *sua sponte* in the present case. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

## III. CONCLUSION

Based on the foregoing, this Court holds that the appeal is procedurally barred by Rule 5A:18 and, therefore, affirms the trial court's ruling.

Affirmed.