COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


TROY L. MAYFIELD

                                                          OPINION BY
v.        Record No. 0882-11-1                       JUDGE WILLIAM G. PETTY
                                                          MARCH 27, 2012

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                      Everett A. Martin, Jr., Judge Designate

          Drew R. Page (Stallings & Bischoff, P.C., on brief), for appellant.

          Aaron J. Campbell, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


      Troy L. Mayfield was convicted of first-degree murder and the use of a firearm in

commission of the murder.  On appeal, Mayfield raises three assignments of error.  First, he argues

the trial court erred when it declined to strike a prospective juror for cause because the juror was

related to two witnesses for the Commonwealth.  Second, Mayfield argues the trial court erred when

it allowed the admission of evidence relating to a prior incident involving Mayfield's half-brother

and the victim.  Finally, Mayfield argues that the evidence was insufficient to convict him of these

crimes.  For the following reasons, we conclude that no error occurred, and therefore we affirm

Mayfield's convictions.

                                    I.  BACKGROUND

      "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence shows that on March 3, 2009, a

fatal shooting occurred at the Oak Trail Apartments in Southampton County, Virginia. After an investigation, Mayfield was charged with first-degree murder and the use of a firearm in commission of murder in connection with the shooting. Mayfield pled not guilty and requested a trial by jury.

During jury *voir dire*, and in response to questioning from Mayfield's attorney, a prospective juror explained that she was related to two prosecution witnesses: Rodney H., her nephew, and Charquena G., the daughter of her cousin. After discovering this information, Mayfield's attorney asked the juror whether her familial relationship with these two witnesses would be "a problem in deciding the case, which may be based on the testimony of your blood relatives." In response, the juror answered, "No." In response to further questioning from the prosecutor, the juror confirmed that she could put aside her relationship with the witnesses and impartially evaluate their testimony, that she had no preconceived notions regarding the witnesses' truthfulness, and that she could be fair to both Mayfield and the Commonwealth. Moreover, the juror verified that she had never spoken to either witness regarding what they saw at the Oak Trail Apartments.

Mayfield's attorney then objected to empaneling the juror, stating

> Your Honor, I would move to strike [the juror] for cause. This is a situation where she has told [the prosecutor] that she would remain impartial, but the fact remains that these two witnesses, one of whom is her nephew, the other is a cousin, second or third cousin, this is an entirely different situation than mere acquaintanceship or something like that. I don't know that it's a per se disqualifier that someone cannot sit on a jury when a witness is related to them by a certain degree of affinity the way it is with a party. But in a case like this I submit with the seriousness of the matter, and with the fact that we have more than an ample supply of other jurors to use, I would ask the Court to strike her for cause. I just would submit to the Court that we're -- if we put her -- if we leave her on the jury we're putting a problem into the case that does not need to be there.

The trial court denied the motion and declined to strike the juror for cause. In response, Mayfield's attorney used a peremptory strike on the juror.

Mayfield also made a motion *in limine* to exclude any evidence relating to a prior incident where Mayfield's half-brother, Eric Parker, shot the victim. Mayfield anticipated that the Commonwealth would produce evidence that tended to show that Mayfield wanted to kill the victim to prevent the victim from testifying against Parker. The trial court denied the motion *in limine* in a written order. Nevertheless, the Commonwealth agreed that certain in-court testimony from Parker's trial was inadmissible. It also agreed that Parker's convictions related to the prior incident were also inadmissible.

At trial, the Commonwealth introduced Parker's indictments related to the prior incident. The indictments included relevant dates, which served as key evidence to establish that Mayfield shot and killed the victim to prevent the victim from testifying against Parker. Further, the Commonwealth elicited testimony from multiple witnesses that established that Mayfield was present at the Oak Trail Apartments the night the victim was killed, that Mayfield made multiple statements both after and before the shooting that suggested that he killed or intended to kill the victim to prevent the victim from testifying against Parker, and that Mayfield actually shot and killed the victim. Specifically, Herbert B. testified that he saw Mayfield walk past him outside the apartments just after he heard two gunshots. Tony S. testified that he heard Mayfield say that he "had to get" the victim because the victim was going to testify against Parker. He further testified that he saw Mayfield shoot the victim "two or three times." Henifa B. also testified that he saw Mayfield shoot the victim several times at point-blank range and that as a result he saw the victim fall to the ground. According to Henifa B., he heard Mayfield say just after the shooting that he had "handled [his] business" and that "snitches get stitches and a dead man can't talk." Another witness, Rodney H., also confirmed that Mayfield had told him before the

shooting that "he couldn't let [the victim] testify against his brother."[1]  At the close of the

Commonwealth's case, Mayfield moved to strike the evidence, arguing that the

Commonwealth's witnesses should not be believed based on either their past criminal

convictions or pending criminal charges.  The trial court denied the motion to strike.  In his

defense, Mayfield took the stand and testified that he was not at the Oak Trail Apartments when

the victim was shot.  He then renewed his motion at the close of his defense, which the court

again denied.

Thereafter, the jury found Mayfield guilty of first-degree murder and the use of a firearm

in commission of the murder.  This appeal followed.

## II.  ANALYSIS

### A.  Motion To Strike Prospective Juror for Cause

Mayfield first argues that the trial court should have struck the prospective juror for cause

because the juror was related to two witnesses for the Commonwealth.  Specifically, he argues

that the trial court should have struck the juror for cause to protect public confidence in the jury

system, because of the juror's bias, or because the juror had a contemporaneous and continuing

relationship with a prosecution witness.  Under the facts of this case, we disagree.

"It is prejudicial error for the trial court to force a defendant to use peremptory strikes to

exclude a venireman from the jury panel if that person is not free from exception."  Townsend v.

Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005).  "The striking of any juror for

cause, however, is committed to the sound discretion of the trial court."  Id.

Generally, a juror is free from exception so long as he "stand[s] indifferent in the cause."

Code § 8.01-358; Townsend, 270 Va. at 330, 619 S.E.2d at 74.  In other words, if the juror "'has

---

[1] Rodney H. also saw Mayfield at the Oak Trail Apartments not long before the victim was murdered.

- 4 -

any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice,'" he should be struck for cause. Townsend, 270 Va. at 330-31, 619 S.E.2d at 74 (quoting Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914)). In Virginia, there is no *per se* rule disqualifying a prospective juror who is related to a prosecution witness on the grounds that he is presumed to be biased, or not indifferent in the cause.[2] Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 733 (2001); see Townsend, 270 Va. at 331, 619 S.E.2d at 74-75 (further explaining Barrett and this principle). Likewise, there is no *per se* rule that other relationships between a juror and a prosecution witness, e.g., a current or past acquaintance with a prosecution witness, standing alone, renders the juror biased. Perez v. Commonwealth, 40 Va. App. 648, 656, 580 S.E.2d 507, 511 (2003).

Despite this general rule, the Supreme Court has acknowledged that there is a separate and distinct rule that "has effectively established *per se* disqualification [of a juror] by [other] limited categories." Towsend, 270 Va. at 331, 619 S.E.2d at 74. This includes the *per se* disqualification of certain jurors in order to maintain *public confidence* in the judicial system. Id. at 331, 619 S.E.2d at 74-75 (disqualifying a juror with a close blood relationship to a prosecution witness in order to maintain public confidence in the judicial system); see also Barrett, 262 Va. at 824-27, 553 S.E.2d at 731-33. This categorical rule does not stem from the mandate set forth in Code § 8.01-358, which disqualifies any juror that is biased or not otherwise "indifferent in the cause"; rather, it stems from a separate public policy concern that "override[s] an otherwise

---

[2] According to Mayfield, "Virginia has yet to adopt a *per se* rule in regard to jurors who are related to witnesses." Mayfield urges us to adopt a *per se* rule, noting that other states have adopted such a rule on the basis of implied bias. See, e.g., Thomas v. Kentucky, 864 S.W.2d 252 (Ky. 1993); Wisconsin v. Gesch, 482 N.W.2d 99 (Wis. 1992). The problem with this argument is that not only has the Supreme Court not "yet" adopted a *per se* rule, it has *expressly rejected* such a rule. See Townsend, 270 Va. at 331, 619 S.E.2d at 74-75; Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 733 (2001). Hence, we cannot adopt the rule that Mayfield urges us to adopt.

legitimate[ly]" empaneled juror.  Towsend, 270 Va. at 333, 619 S.E.2d at 76.  Accordingly, the issue of striking a juror for bias is distinct from the issue of striking a juror to maintain public confidence in the judicial system.  Thus, raising the former issue at trial does not preserve the latter issue for appeal.  Id. at 333-34, 619 S.E.2d at 75-76 (referring to the Supreme Court's Rule 5:25 for this proposition, the equivalent to this Court's Rule 5A:18); see Rule 5A:18.

In light of this distinction, we must first examine to what extent Mayfield has preserved his arguments on appeal with respect to the prospective juror.  In this case, Mayfield asked the trial court to strike the juror for cause based only on the juror's inability to remain "impartial," or unbiased, due to her family relationship with two prosecution witnesses.  As the Supreme Court explained in Townsend, this argument is insufficient to preserve the separate argument that Mayfield now makes on appeal:  that the trial court should have struck the juror to protect the public's confidence in the judicial system.

> Public confidence in the integrity of the judicial system, as a ground for excluding a juror for cause, must be raised in the trial court or that issue is waived.  Any "implication" arising from this Court's prior decision in Medici [v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000),] that the question of public confidence may be raised in any appeal when a motion to strike a juror for cause has been denied, regardless of whether it was properly raised below, is expressly rejected.  The trial court must be apprised of the basis upon which a public confidence objection to a juror is made and the other litigants given an opportunity to address the trial court on that matter.

Towsend, 270 Va. at 333, 619 S.E.2d at 76 (citations omitted).  Because Mayfield only challenged the juror based on alleged bias, we cannot evaluate the merits of his public confidence argument on appeal.  See Rule 5A:18.

Mayfield's remaining arguments are merely variants on a common theme:  that the juror was in some way not "indifferent in the cause," either because of bias in favor of a family member or bias in favor of someone with whom the juror had a "contemporaneous and

- 6 -

continuing relationship." In response to questioning from Mayfield's attorney, the juror explained she was related to two prosecution witnesses. However, the juror gave no indication of bias in favor of these witnesses or the prosecution. The juror confirmed that she could put aside her relationship with the witnesses and impartially evaluate their testimony, that she had no preconceived notions regarding the witnesses' truthfulness, and that she could be fair to both Mayfield and the Commonwealth. These facts do not demonstrate that the juror was biased. Moreover, none of the evidence actually established any "contemporaneous and continuing relationship" between the juror and the witnesses beyond the fact that the juror and the witnesses were related.[3] That status alone does not warrant the exclusion of an otherwise competent juror for bias. Accordingly, the trial court did not abuse its discretion when it declined to strike the juror for cause.

### B. Admission of Evidence Relating to Mayfield's Half-Brother

Mayfield next argues that the trial court erred when it allowed the admission of evidence relating to the prior incident involving Mayfield's half-brother and the victim. Specifically, Mayfield sought to keep out all evidence relating to an incident where Mayfield's half-brother, Eric Parker, shot the victim. Mayfield contends before us that the trial court abused its discretion in

---

[3] Mayfield raises the issue of a "contemporaneous and continuing relationship" in a further erroneous attempt to argue for the *per se* exclusion of the juror in this case. Citing Perez, Mayfield argues that "this Court suggested that a juror who has a contemporaneous and continuing relationship with either legal counsel or a witness in the case should be excused for cause." Perez makes no such holding. In Perez, this Court held that a past acquaintanceship between a juror and a testifying police officer alone was not grounds to strike the juror for cause. Perez, 40 Va. App. at 656-57, 580 S.E.2d at 511. In so holding, Perez noted that no "contemporaneous and continuing relationship" existed between the juror and the officer that would implicate the issue of bias, id., or the issue of protecting the public's confidence in the judicial system, id. at 657-59, 580 S.E.2d at 511. Thus, Perez does not support the consideration of a "contemporaneous and continuing relationship" between a juror and a witness apart from the issues of bias and public confidence. As we have already explained, Mayfield has waived the public confidence issue on appeal. Thus, we do not evaluate the issue of a "contemporaneous and continuing relationship" separate from Mayfield's allegation of bias.

permitting the admission of this evidence at trial because its prejudicial effect outweighed its probative value. We disagree.

Whether evidence should not be admitted because its prejudicial effect outweighs its probative value is a question whose answer "rests [with] the sound discretion of the trial court." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990). "The exercise of that discretion will not be disturbed on appeal in the absence of a clear abuse." Id. "This standard, if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees. Only when reasonable jurists could not differ [does this Court] say an abuse of discretion has occurred." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (adopting the opinion of the panel).

Evidence of motive, although not an element of first-degree murder, "'is relevant and often most persuasive upon the question of the actor's intent.'" Archie v. Commonwealth, 14 Va. App. 684, 690, 420 S.E.2d 718, 722 (1992) (quoting Epperly v. Commonwealth, 224 Va. 214, 232, 294 S.E.2d 882, 892-93 (1982)). Relevant evidence should be excluded if the prejudicial effect of admitting it outweighs its probative value. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "The fact that some prejudice may result does not justify automatic exclusion." Id. Indeed, "[a]ll evidence tending to prove guilt is prejudicial to an accused." Powell v. Commonwealth, 267 Va. 107, 141, 590 S.E.2d 537, 558 (2004). "Virginia law . . . intervenes only when the alleged prejudice tends to inflame irrational emotions or leads to illegitimate inferences." Thomas, 44 Va. App. at 758, 607 S.E.2d at 746.

Here, the trial court reasonably concluded that the probative value of the evidence outweighed any inappropriate prejudicial effect. The indictments and witness statements plainly established Mayfield's motive for murdering the victim—to prevent the victim from testifying

against Parker. Moreover, they did so in a way to avoid introducing any significant inflammatory information regarding the prior incident. The indictments admitted into evidence established only the bare charges and their timing for the purpose of establishing that Mayfield had an apparent motive to kill the victim when he did. The witness testimony then established that right before and right after the murder, Mayfield was indeed motivated to act in order to prevent the victim from testifying. Accordingly, the trial court reasonably concluded that the probative value of the evidence outweighed any inappropriate prejudicial effect, and thus no error occurred when the trial court admitted this evidence.[4]

C. Sufficiency of the Evidence

Mayfield finally argues that the evidence was insufficient to convict him of first-degree murder and the use of a firearm in the commission of the murder. He argues that his testimony should have been believed over the testimony of competing witnesses with criminal histories that could have benefited from testifying for the Commonwealth. This argument is without merit.

"When reviewing the sufficiency of the evidence to support a conviction, [this] Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). Hence, an "appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Britt v. Commonwealth, 276 Va. 569, 573-74, 667 S.E.2d 763, 765 (2008) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of

---

[4] Mayfield also argues in his brief that "[i]t was not necessary for the Commonwealth to establish that Eric Parker shot that particular witness to argue motive." Mayfield goes on to argue various lesser measures the court could have taken to reduce what Mayfield perceives as the prejudicial effect of the evidence. However, the record before us does not establish that these alternatives were ever proposed to the trial court, either as a part of the motion *in limine* or at trial. Accordingly, Mayfield has waived this argument on appeal. See Rule 5A:18.

the crime beyond a reasonable doubt.'" Id. (emphasis in original) (quoting Jackson, 443 U.S. at 319). "'This familiar standard gives full play to the responsibility of the trier of fact . . . to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Brown v. Commonwealth, 56 Va. App. 178, 185, 692 S.E.2d 271, 274 (2010) (quoting Jackson, 443 U.S. at 319). Thus, the fact-finder has the sole responsibility of determining the credibility of the witnesses. Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011). "That responsibility lies with the fact finder because" this Court, "'sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, feels itself very incompetent to decide on the credibility of the testimony.'" Id. (quoting Brown v. Commonwealth, 29 Va. (2 Leigh) 769, 777 (1839)).

Here, Mayfield encourages us to do precisely what we cannot do—to replace the judgment of the jury with our own. The jury was free to disbelieve Mayfield's testimony that he was not at Oak Trail Apartments when the victim was shot and to believe the testimony of other witnesses that he was at the Oak Trail Apartments and that he shot and killed the victim. Whether the witnesses' past criminal convictions and pending charges made any of their testimony not credible was an issue for the jury to decide. The evidence, taken in the light most favorable to the Commonwealth, establishes that Mayfield shot and killed the victim. Accordingly, the evidence was sufficient to convict Mayfield of first-degree murder and the use of a firearm in the commission of the murder.

### III. CONCLUSION

For the foregoing reasons, we conclude that no error occurred. The trial court did not err when it declined to strike a prospective juror for cause, when it permitted the admission of evidence

regarding Mayfield's half-brother, or when it concluded that the evidence was sufficient to prove that Mayfield shot and killed the victim.  Therefore, we affirm Mayfield's convictions.

<u>Affirmed.</u>