UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Alston, Chafin and O'Brien
Argued at Alexandria, Virginia

WILLIAM AUSTIN CLARK, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2423-13-4              JUDGE MARY GRACE O'BRIEN
                                                    APRIL 14, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

Brad Lindsay, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


William Austin Clark, Jr. was convicted of assault and battery on a police officer in

violation of Code § 18.2-57(C).  On appeal, appellant argues that the trial court erred in

(1) "forcing" him to withdraw two proposed jury instructions and thereby requiring him "to

forego his constitutional right to have the jury instructed on the law," and (2) finding the

evidence sufficient to prove that appellant committed an assault and battery against Deputy

Shifflett.  Finding no error, we affirm appellant's conviction.

BACKGROUND

Appellant was an inmate at the Fairfax County Adult Detention Center and was housed at

"Post 2," an area of the jail "for irrational inmates [who] cannot make it in the general

population."  On February 25, 2013, Deputy Daryl Shifflett was working as a guard, assigned to

Post 2.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

While on duty, Deputy Shifflett noticed urine and water covering the floor outside of appellant's cell. Appellant had covered the cell window with toilet paper, and Deputy Shifflett could not see inside the cell. When Deputy Shifflett asked appellant to remove the toilet paper, appellant refused and said "I'm not going to remove the toilet paper, motherfucker, until I get my medicine."

Deputy Shifflett and his supervisor moved appellant to a high observation cell, where he was placed in a restraint chair, and was secured by straps at his waist, shoulders, wrists, and feet. Protocol required that a deputy check on the prisoner every fifteen minutes, but before the first fifteen-minute period expired, Deputy Shifflett heard a loud noise coming from appellant's cell. Appellant had turned the chair completely around and was banging on the door with his elbow. Deputy Shifflett and another officer re-positioned the chair to face the door, and Deputy Shifflett told the appellant that "for his safety he needed to quit moving the chair around . . . we didn't want him to turn the chair over." Appellant repeated his behavior of turning the chair around and banging on the door with his elbow. At that point, Deputy Shifflett tightened appellant's leg straps and another officer strapped the chair to the drain gate in the center of the cell to preclude the appellant from turning the chair over and injuring himself. As Deputy Shifflett tightened the leg restraints, appellant said "I'm going to knock your teeth out, you blond-haired son of a bitch, when I get out of these straps."

Deputy Shifflett continued to monitor appellant's cell. At 9:45 a.m. Nurse Avabe arrived to give appellant his medication. Deputy Shifflett and three other officers accompanied her to appellant's cell. After the nurse put the pills in appellant's mouth, Deputy Shifflett held a cup of water to appellant's mouth so he could drink the water and swallow the pills. Appellant took a sip of water, swallowed the pills, and said "I need more water than that, you motherfucker." Deputy Shifflett again put the cup of water to appellant's mouth and appellant took the

remaining water into his mouth. He then "drew back and sprayed [Deputy Shifflett] with the contents of his mouth," hitting Deputy Shifflett's hand, chest, and left side of his face. Appellant laughed and when Deputy Shifflett lowered his hand, appellant spit at him again, hitting him in the chest. Deputy Shifflett left the cell, and appellant started screaming obscenities.

Later in the day, appellant told Deputy Shifflett that had he known Deputy Shifflett was "a Shifflett . . . he would not have spit on him" because appellant is related to some Shiffletts. Although appellant claimed that he was choking on the pills and water, none of the officers present in the cell saw appellant make any signs or gestures of choking.

Before trial, appellant filed a motion *in limine* to exclude any evidence relating to his "status as positive for Hepatitis C." The Commonwealth was prepared to introduce evidence that on the day of the incident, appellant told a jail employee who was going to draw his blood, "You don't need to do that; I'm Hep. C positive." Appellant argued that his medical condition was irrelevant to the charge against him.

At the pre-trial hearing, the Commonwealth asserted that it was proceeding on a "battery only" theory. The Court granted the motion *in limine* because it found that appellant's medical condition would only be relevant if the Commonwealth was proceeding on a theory of assault or assault and battery. The Court found that evidence of appellant's medical condition was irrelevant because the Commonwealth was proceeding solely on the theory of battery.

On the second day of trial, defense counsel proffered Jury Instructions "K" and "L." Instruction K stated: "One cannot be convicted of an assault and battery without an intention to do bodily harm." Instruction L stated: "An assault is an overt act intended to do bodily harm to another together with the present capability to cause such harm; an overt act intended to place a person in fear or apprehension of bodily harm that creates in him a reasonable fear or apprehension." The court refused these instructions because the requirement of an "intent to

commit bodily harm" applied only to an assault charge and the Commonwealth was proceeding on the theory that the crime was "battery," not "assault and battery." Holding that a battery conviction merely required that the act be "willful" and not "with the intent to do bodily harm," the court told defense counsel that if he wished to have the jury instructed on intent to do bodily harm, the case would be re-opened to allow the Commonwealth to establish that intent by introducing evidence of the appellant's medical condition.

Defense counsel objected to that ruling, but agreed to withdraw the instructions to prevent the Commonwealth from introducing evidence of appellant's medical condition. Defense counsel attempted to note his objection to the trial court's ruling, but the court stated that appellant could not object to withdrawing his own instructions. Appellant was found guilty of assault and battery on a police officer.

## ANALYSIS

Initially, the Commonwealth argues that appellant did not preserve the jury instruction issue for appeal because he chose to withdraw the contested instructions. Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of this rule "is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

In the present case, appellant alerted the trial court to his objection to the court's ruling that the proffered instruction would only be granted if the case was re-opened for the Commonwealth to admit the previously excluded evidence to establish appellant's intent. The fact that appellant reluctantly withdrew his two contested instructions does not vitiate the effectiveness of his attempted objection. He correctly noted his objection to the manner in which the trial court was proceeding, and we find the issue was preserved.

### A. Jury Instructions

Appellant argues that the trial court erred by "forcing" him to withdraw Jury Instructions K and L. Appellant contends that this error required him to choose between exercising his constitutional right to have the jury properly instructed on the law or preventing the jury from hearing the inadmissible evidence which was excluded by the motion *in limine*. We disagree.

A trial court is not obligated to instruct a jury that the intent to do bodily harm is an element in every assault and battery case. "Assault and battery is the 'least touching of another, willfully or in anger.' The defendant does not have to intend to do harm; a battery may also be 'done in a spirit of rudeness or insult.'" Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998)) (footnote omitted). The unlawful intent may be imputed if the touching is "'done in a rude, insolent, or angry manner.'" Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924). The touching must be intentional, as opposed to being done "accidentally or negligently." See Park Oil Co., Inc. v. Parham, 1 Va. App. 166, 170, 336 S.E.2d 531, 534 (1985).

In Virginia, "the matter of granting and denying jury instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law

has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 23 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). This Court reviews *de novo* "whether a jury instruction accurately states the relevant law." Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013).

Here, the Commonwealth chose to proceed on a battery theory. In Jury Instruction I,[1] the trial court properly defined the offense which the Commonwealth needed to prove beyond a reasonable doubt, namely, a battery. The jury also was properly instructed, in Instruction J, that the word "willful" means "an act which is intentional, or knowing, or voluntary, as distinguished from accidental, done with a bad purpose, without justifiable excuse, or without grounds for believing it is lawful."

Moreover, the jury was properly advised of both the elements of the offense of battery and the issues which the evidence fairly raised. At trial, appellant's contention was that his actions were accidental and not willful or intentional and therefore, did not constitute a battery. The jury was instructed on willfulness, and it rejected appellant's defense. The proposed elements defining simple assault would not have assisted the jury in their deliberations, and it was not error for the court to refuse to grant them.

### B. Sufficiency of the Evidence

Appellant also argues that the evidence was insufficient to support his conviction for assault and battery of a law enforcement officer because the Commonwealth did not prove that the defendant's actions were willful. Additionally, appellant contends that the Commonwealth

---

[1] Jury Instruction I reads as follows: "A battery is the willful touching of another individual, including spitting on a person, without legal excuse or justification, done in an angry, rude, insulting, or vengeful manner."

"did not exclude the reasonable hypothesis of innocence that [appellant] was choking and did not intend to spit on Deputy Shifflett."

"'When reviewing the sufficiency of the evidence to support a conviction, [an appellate] Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Mayfield v. Commonwealth, 59 Va. App. 839, 850, 722 S.E.2d 689, 695 (2012) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2009)). "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "[T]he relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Mayfield, 59 Va. App. at 850, 722 S.E.2d at 695 (quoting Britt v. Commonwealth, 276 Va. 569, 573-74, 667 S.E.2d 763, 765 (2008)).

While Code § 18.2-57(C) penalizes an assault or an assault and battery against a law-enforcement officer as a felony, assault and battery is a common law crime in Virginia.[2] Parish v. Commonwealth, 56 Va. App. 324, 329, 693 S.E.2d 315, 318 (2010). At common law, any touching "in anger, without lawful provocation," however slight, which includes "spitting in a man's face" is sufficient to support a battery. Hardy v. Commonwealth, 58 Va. (17 Gratt.) 592,

---

[2] Specifically, Code § 18.2-57(C) states:

> if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer, . . . such person is guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory minimum term of confinement of six months.

601 (1867). Assault and battery is the "'least touching of another, willfully or in anger.'" Perkins, 31 Va. App. at 330, 523 S.E.2d at 513 (quoting Groot, supra, at 29).

Spitting in the face of another is sufficient unwanted contact to support an assault and battery conviction. Gilbert v. Commonwealth, 45 Va. App. 67, 72, 608 S.E.2d 509, 511 (2005). In Gilbert, the defendant contended that the trial court erred in finding the evidence sufficient to support the conviction because the Commonwealth "failed to demonstrate he intended to inflict bodily harm" on the officer. Id. at 70, 608 S.E.2d at 511. The Court found the requisite intent was circumstantially established by the evidence surrounding the incident, including the fact that the defendant had to be placed in shackles because he was "unruly," and that he threatened the officers and their families before spitting at one of the officers. Id. at 70-71, 608 S.E.2d at 511.

Likewise, in the present case, appellant was behaving in a destructive and disorderly manner prior to the incident. He used profane language and "threatened to kick [Deputy Shifflett's] teeth in" once he was free from his restraints. In fact, he laughed after he spit at Deputy Shifflett. Additionally, his comment following the incident, that he would not have spit on Deputy Shifflett if he "had known he was a Shifflett" negates appellant's claim of accidental spitting, which allegedly took place while the appellant was choking on the water.

Therefore, viewing the evidence in the light most favorable to the Commonwealth, we hold that the evidence was sufficient for the jury to find the defendant guilty of assault and battery on a police officer. Because that judgment was not plainly wrong or without evidence to support it, we will not disturb it on appeal.

CONCLUSION

The jury was properly instructed on the law, and the evidence was sufficient to support the conviction for assault and battery on a law enforcement officer.  Finding no error by the trial court, we affirm.

Affirmed.