UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Petty and Beales
Argued at Richmond, Virginia


KELLY PATRICK JOHNSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0751-16-2                      JUDGE WILLIAM G. PETTY
                                                    MAY 23, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge Designate[1]

Joan J. Burroughs (The Law Office of Joan J. Burroughs, PLC, on
brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Kelly Patrick Johnson was convicted after a bench trial of failure to perform a promise for

construction in return for advances, in violation of Code § 18.2-200.1.  Johnson argues that the

evidence was insufficient to convict him.  Specifically, Johnson argues that the Commonwealth

failed to prove proper notice under the statute.  We agree and reverse.

Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite only those facts and incidents of the proceedings as

are necessary to the parties' understanding of the disposition of this appeal.  "On appeal, 'we review

the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Designate Spencer presided over the trial and sentencing.  Judge Gregory L. Rupe
signed the final order.

inferences fairly deducible therefrom.'" Mayfield v. Commonwealth, 59 Va. App. 839, 842, 722 S.E.2d 689, 691 (2012).

In April of 2015, Johnson entered into an agreement to perform renovation work for a homeowner. Johnson asked for an advance of $1,400 after performing only a portion of the work. He stated that the advance was to purchase supplies necessary to complete the work. The homeowner paid the advance, but the supplies were never delivered to her home and Johnson never completed the work. The homeowner made several unsuccessful attempts to get Johnson to complete the work, but she eventually sent Johnson a letter demanding the return of the advance within fifteen days. The homeowner sent the letter by certified mail but did not request a return receipt.

Johnson moved to strike the evidence at trial because the Commonwealth failed to prove the notice element of the crime. Johnson contended the notice element was not met because Code § 18.2-200.1 requires not just that the demand letter be sent by certified mail, but also that a return receipt must be requested. The trial court denied the motion and convicted Johnson.

When reviewing a challenge to the sufficiency of the evidence, the trial court "will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 139 (2011) (quoting Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005)). However, "[i]nterpreting the elements of a statutory crime involves a purely legal question that we review de novo." Bowman v. Commonwealth, 290 Va. 492, 496, 777 S.E.2d 851, 854 (2015).[2]

---

[2] The Commonwealth argues that Johnson failed to preserve the issue. The assignment of error is as follows,

> The trial court erred in finding Johnson guilty of the charged
> offense where the Commonwealth's evidence failed to show that

Code § 18.2-200.1 provides, in pertinent part, as follows:

> If any person obtain from another an advance of money, . . . with fraudulent intent, upon a promise to perform construction . . . and fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money, merchandise or other thing if he fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested, to his last known address or to the address listed in the contract.

The notice requirement of the statute is a material element of the crime. Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991). The Supreme Court has held that the notice language "sent by certified mail, return receipt requested" in Code § 18.2-200.1 is not ambiguous and, thus, it must be construed "according to its plain meaning without resort to rules of statutory interpretation." Holsapple v. Commonwealth, 266 Va. 593, 598, 587 S.E.2d 561, 564 (2003).

> We think it clear that the General Assembly meant what it said, *i.e.*, that a person accused of violating the statute cannot be convicted unless the evidence proves beyond a reasonable doubt, *inter alia*, that the accused "fail[ed] to return [the] advance within fifteen days of a request to do so" and that the request was "sent by certified mail, return receipt requested."

Jimenez, 241 Va. at 251, 402 S.E.2d at 681 (alterations in original). "The language of Code § 18.2-200.1 plainly means that a request for a return of money advanced on a construction project is sufficient if sent by certified mail, return receipt requested, without proof of actual receipt." Holsapple, 266 Va. at 599, 587 S.E.2d at 564. Furthermore, "Code § 18.2-200.1 is a

---

he had received proper notice of [the homeowner's] refund request pursuant to Va. Code § 18.2-200.1.

The Commonwealth focuses on the use of the words "had received" and ignores the word proper. Johnson testified that he received the letter; he only argues that what he received was not proper. We find the language used in the assignment error sufficient to encompass Johnson's argument about the propriety of the notice.

penal statute which must be strictly construed against the Commonwealth and in favor of the accused." Id. at 598, 587 S.E.2d at 564.

In Jimenez v. Commonwealth, the Supreme Court held that actual notice was not sufficient notice under Code § 18.2-200.1. 241 Va. at 251, 402 S.E.2d at 681. The victims in Jimenez verbally demanded the return of the advance but did not send a written demand. Id. at 248, 251, 402 S.E.2d at 679, 681. Because the notice requirement is "a material element of the offense," the Court held that actual notice was not a sufficient substitute for the written demand. Id. at 251, 402 S.E.2d at 681. The plain language of the statute required a written demand letter sent via "certified mail, return receipt requested." Id.

Although the return receipt request must be attached to the letter, the Commonwealth is not required to enter the return receipt into evidence to prove that the letter reached its intended destination. Holsapple, 266 Va. at 599, 587 S.E.2d at 564. Actual notice is not sufficient to replace the notice requirement, nor is actual notice required once the statutory notice requirement is complied with. Id. The language of the statute is not ambiguous and plainly means that notice must be sent by "certified mail, return receipt requested." Id.

Here, there is no dispute that the homeowner sent the demand letter by certified mail. The Commonwealth concedes, however, that the demand was not sent return receipt requested. The Commonwealth instead argues that Johnson had actual notice because he paid some of the money back and that the homeowner had online tracking which gave her the ability to see if the letter was delivered. In doing so the Commonwealth states that "Johnson fails to articulate how the addition of a return receipt request would have provided any different notice than the method used by [the homeowner]."

This statement, however, misconstrues what is required under the law. Johnson did not have the burden to explain how a return receipt request would provide different notice than the

method employed by the homeowner. The burden at trial was on the Commonwealth to prove beyond a reasonable doubt that all elements of the crime were met. Bruce v. Commonwealth, 22 Va. App. 264, 268, 469 S.E.2d 64, 67 (1996).

In Jimenez and Holsapple, the Supreme Court strictly construed Code § 18.2-200.1 according to the plain meaning of the words. Code § 18.2-200.1 plainly requires that the demand must be a letter sent by "certified mail, return receipt requested." Jimenez makes clear that actual notice is not a sufficient replacement for this statutory requirement. That the homeowner here sent a writing and the homeowner in Jimenez made a verbal demand has no bearing on the outcome. We are required to "strictly construe[ the statute] against the Commonwealth and in favor of the accused." Holsapple, 266 Va. at 598, 587 S.E.2d at 564. The letter in this case, although sent by certified mail, was not sent with a return receipt requested.

The trial court relied on two unpublished cases and one published case from this Court that did not include the language "return receipt requested" in the elements of the crime.[3]

---

[3] The opinions that list the elements of Code § 18.2-200.1 cite to Klink v. Commonwealth, 12 Va. App. 815, 407 S.E.2d 5 (1991). Klink provides:

> The crime with which the defendant was charged consists of five elements: (1) obtaining an advance of money from another person, (2) a fraudulent intent at the time the advance is obtained, (3) a promise to perform construction or improvement involving real property, (4) a failure to perform the promise, and (5) a failure to return the advance "within fifteen days of a request to do so by certified mail" to the defendant's last known address or his address listed in the contract.

Id. at 818, 407 S.E.2d at 7. While Klink did not include the "return receipt requested" language in the elements, it cited to Jimenez for the elements. The Supreme Court in Jimenez, however, clearly stated that "return receipt requested" is part of the notice requirement. Jimenez, 241 Va. at 251, 402 S.E.2d at 681 ("We think it clear the General Assembly meant what it said, *i.e.*, that a person accused of violating the statute cannot be convicted unless the evidence proves beyond a reasonable doubt . . . that the request was 'sent by certified mail, return receipt requested.'"). Furthermore, the primary issue in Klink concerned the fraudulent intent requirement under the statute and the court did not address notice. Klink, 12 Va. App. at 816, 407 S.E.2d at 6.

However, all three cases focused primarily on fraudulent intent and when the notice requirement was addressed, courts referred to the "return receipt requested" language. See Dennos v. Commonwealth, 63 Va. App. 139, 143, 754 S.E.2d 913, 915 (2014) (noting that "the attorney sent a certified demand letter pursuant to Code § 18.2-200.1"); Baugh v. Commonwealth, No. 0348-00-2, 2001 Va. App. LEXIS 589, at *9 (Va. Ct. App. Oct. 23, 2001) (the "attorney sent a certified letter, return receipt requested"); Raymer v. Commonwealth, No. 0586-99-2, 2000 Va. App. LEXIS 265, at *6 (Va. Ct. App. Apr. 11, 2000) ("[T]he evidence proved that Hall and Mena sent certified letters, with return receipts requested.").

The Commonwealth points out that the letter was sent to the correct address and included the ability to track its progress online. The Commonwealth argues that these are minor defects and that the "plain language of the statute reveals that the legislature intended only that the builder or contractor be put on notice of the claim, affording him an opportunity to return the money or otherwise respond to the claim." See also McCrary v. Commonwealth, 42 Va. App. 119, 133, 590 S.E.2d 110, 117 (2003).

But the statute tells us exactly how it intends for a contractor to be placed on notice. The statute does not provide for online tracking as an equivalent of a return receipt request. We cannot ignore the plain words of the statute. "Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied." McCrary, 42 Va. App. at 132-33, 590 S.E.2d at 117 (quoting Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).

Finally, the Commonwealth argues that the failure to strictly comply with statutory requirements should be considered harmless error because Johnson had a fair trial and received the same notice he would have if he had received a demand letter in strict compliance with the statute. We disagree.

In Jimenez, the defendant failed to object when the Commonwealth did not prove that a written request had been sent by certified mail, return receipt requested and when the trial court failed to instruct that the Commonwealth was required to prove beyond a reasonable doubt that the demand letter was sent. Jimenez, 241 Va. at 248, 402 S.E.2d at 679. The Supreme Court, noting how rare it was, applied the ends of justice exception under Rule 5:25. Id. at 249, 251, 402 S.E.2d at 680, 682. The Court noted that the failure to produce evidence relating to a statutory and material element of the offense resulted in the defendant being "convicted of a non-offense." Id. at 251, 402 S.E.2d at 681. In other words, the defendant "ha[d] been convicted of a crime of which under the evidence he could not properly be found guilty." Id. at 250, 402 S.E.2d at 680 (emphasis omitted) (quoting Ball v. Commonwealth, 221 Va. 754, 758-59, 273 S.E.2d 790, 793 (1981)). Therefore, to attain the ends of justice the Court reversed.

Johnson has likewise been convicted of a "non-offense" because the evidence has not been provided to prove beyond a reasonable doubt that the demand letter was sent in compliance with the statute. While we recognize the statutory requirement might appear to be a distinction without a difference, we are required to interpret the law as written. The statute plainly requires a demand letter sent by "certified mail, return receipt requested." If the Supreme Court applied the rare exception to a procedural rule to attain the ends of justice, then the same error in this case cannot be a harmless error.

The "notice requirement of the statute was a material element of the offense charged . . . the failure to produce evidence thereof, constitutes reversible error." Id. at 251, 402 S.E.2d at 681. Because the Commonwealth failed to prove beyond a reasonable doubt that the letter was

sent with a return receipt request, it failed to prove a material element of the offense. Therefore, we reverse.[4]

Reversed and dismissed.

---

[4] We note that "[t]he construction fraud statute, Code § 18.2-200.1, was not meant simply to criminalize a contractor's breach of contract." Bowman v. Commonwealth, 290 Va. 492, 497, 777 S.E.2d 851, 855 (2015). The homeowner may also have civil options available to obtain a remedy.